# GROUP EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and among, Hugo Rodriguez, (hereafter "Employee", "Plaintiff" or "Rodriguez"), and Red Coat Farm, Ltd., an Illinois corporation, and Mary A. Goldman, (hereafter "Employer" or Defendants"), collectively "the Parties",

**WHEREAS**, Plaintiff has filed a lawsuit entitled <u>Hugo Rodriguez, et al. v. Red Coat Farm, Ltd., et al</u>. Case No. 17-cv-03322, currently pending in the United States District Court for the Northern District of Illinois, (hereafter "the Litigation");

**WHEREAS**, in order to avoid the costs, delays and frustrations of litigation, the Parties have agreed to fully and finally settle, compromise and resolve all issues between them including, but not limited to, all issues arising out of or in connection with the Litigation;

**NOW, THEREFORE**, in consideration of the foregoing and for other valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1. **Payment Terms**. Defendants agree to pay Employee a total amount of $25,219.00 (Twenty-Five Thousand Two-Hundred Nineteen and 00/100 Dollars) as full and final settlement ("Settlement Amount"); provided, however, that any and all payments due hereunder are conditional upon court approval of this settlement. Payment shall be made by delivering checks as set forth below to Plaintiff's counsel, Billhorn Law Firm, 53 West Jackson Blvd., Suite 840, Chicago, Illinois, as follows:

    a. **Payments to Plaintiff's Counsel**: Within three (3) business days following the court's approval of a motion to approve settlement in this matter, Defendants shall deliver checks to Plaintiff's counsel as and for attorneys' fees and costs as follow:

    | | |
    |---|---|
    | Billhorn Law Firm | $9,258.00 |
    | Farmworkers & Landscapers Advocacy Project | $4,461.00 |

    Defendants shall issue a Form 1099 to the Billhorn Law Firm and to the Farmworkers & Landscapers Advocacy Project for the above-listed amounts for calendar year 2018.

    b. **Payments to Employees**: Thirty (30) days following the payment due date in section 1. a. above, Employer shall deliver checks to Plaintiff's counsel as and for settlement payment to Employee. Two checks shall be issued to Employee; the first check shall be allocated for tax purposes to be "back pay", and the second check shall be allocated as non-wage "liquidated" damages:

    **Back Pay** – One check shall be issued to the Employee for the gross amount listed below, less deductions for appropriate withholding and taxes:

1

    Hugo Rodriguez         $5,750.00

Employer shall issue a Form W-2 or 1099 to Employee for the above-listed back pay amount for calendar year 2018.

**Non-Wage Damages** – One check shall be issued to the Employee in the gross amount listed below for liquidated damages:

    Hugo Rodriguez         $5,750.00

Employer shall issue a Form 1099 to Employee for the above-listed non-wage, liquidated damages amount for calendar year 2018.

Employee shall furnish Employer with a completed Form W-4 and/or Form W-9, and Plaintiff acknowledges and agrees that he bears responsibility for his portion of any tax liability in connection with the settlement payments set forth herein.

2.  **General Release, Dismissal of Litigation and Covenant Not To Sue**. In consideration of and subject to receipt of the payments as required by this Agreement, and for other undertakings provided for in this Agreement, Plaintiff does hereby absolutely, unconditionally and irrevocably, forever waive, release and discharge Defendants, including any of their owners, directors, officers, shareholders, insurers, agents, subsidiaries, affiliates, and employees, and their heirs, agents, executors, legatees, and representatives, of and from any and all liability, claims, actions, causes of action, suits, debts, obligations, covenants, warranties, undertakings, promises, agreements, representations, demands, attorney's fees, costs and expenses, of any kind, nature or description whatsoever, whether in law or in equity, known or unknown, liquidated or unliquidated, which Plaintiff ever had, may have had, now has, or may ever have in the future, for, based upon, arising from or out of, any event, fact, transaction, occurrence, matter, cause or thing whatsoever occurring prior to the date of this Agreement, including, but not limited to:

- any and all claims asserted in the Litigation; and/or

- any and all claims asserting Defendants have violated any contract, agreement, personnel policy, handbooks or any covenant of good faith and fair dealing, or any express or implied contract of employment; and/or

- any and all claims asserting Defendants are in any way obligated for any reason to pay Employee damages, expenses, litigation costs including attorneys' fees, wages, bonuses, compensation, overtime, benefits, expense reimbursement, vacation pay and sick pay, compensatory damages, punitive damages, liquidated damages and/or interest including, but not limited to any claims under the federal

Fair Labor Standards Act, the Illinois Minimum Wage Law, or under any other federal, state or local statute, ordinance, law, regulation or order; and/or

- any and all claims arising under any and all other federal, state, municipal or local statutes, laws, constitutions, ordinances, executive orders and/or regulations.

Furthermore, Employee covenants and agrees not to commence, file or prosecute any claim, action, suit, charge, demand or proceeding regarding the claims and matters settled and released herein and that this Agreement is and shall be a bar to any such claim, action, suit, demand or proceeding; provided, however, any Party hereto may commence or initiate an action or proceedings to enforce this Agreement, and the prevailing Party in any such action or proceeding shall recover from the non-prevailing Party its, her or his reasonable attorney's fees, costs and expenses incurred in such action or proceeding.

3. **Confidentiality.** The Parties agree that upon any inquiries, to inform the inquirers that the Litigation and all disputes by and among the Parties have been settled and compromised to the mutual satisfaction of the Parties. It is further understood and agreed that, except as required by law, the Parties shall keep strictly and entirely confidential and not disclose, directly or indirectly, any of the terms or conditions of this Agreement, any related negotiations, or the amount or nature of any consideration paid (either specifically or as a range), except as necessary to accountants, tax preparers, and attorneys, and in the case of Defendant corporation, its officers, directors, and shareholders.

4. **Non-admission.** This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as an admission by Defendants of any liability or wrongdoing to Plaintiff or employee, breach of any agreement, or violation of any statute, law or regulation.

5. **Complete Agreement**. This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior oral communications are superseded by this Agreement. The Parties understand and agree that all of the terms and promises of this Agreement are contractual, material and not a mere recital.

6. **Amendment.** This Agreement may be amended, modified or changed only by a written document signed by all Parties.

7. **Miscellaneous.**

    a. All Parties have cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any Party.

    b. Each Party acknowledges that it, she or he has been represented by and consulted with counsel, or has had the opportunity to do so, in connection herewith and that it, she or he has read, understands and intends to be bound by this Agreement and all terms and conditions contained herein.

3

   c. This Agreement is and shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, parents and affiliates.

   d. The person executing this Agreement on behalf of Employer and Defendant corporation represents and warrants that he or she has expressly received all necessary power and authority to do so.

   e. This Agreement shall be governed by the laws of the State of Illinois.

   f. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of any other Party and all of which taken together shall constitute one and the same Agreement.

   g. The Parties agree that if any part of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or incapable of being enforced in whole or in part by reason of any rule of law or public policy, such part shall be deemed to be severed from the remainder of the Agreement, and all other provisions of this Agreement shall in every other respect continue in full force and effect.

  **IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed on the date set forth below:

Hugo Rodríguez          Red Coat Farm, Ltd.

                   By: [signature]
_____   Its: president

Dated: March _____, 2018      Dated: March 27, 2018

                   Mary A. Goldman

                   [signature]
                   Dated: March 27, 2018

  c. This Agreement is and shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, parents and affiliates.

  d. The person executing this Agreement on behalf of Employer and Defendant corporation represents and warrants that he or she has expressly received all necessary power and authority to do so.

  e. This Agreement shall be governed by the laws of the State of Illinois.

  f. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of any other Party and all of which taken together shall constitute one and the same Agreement.

  g. The Parties agree that if any part of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or incapable of being enforced in whole or in part by reason of any rule of law or public policy, such part shall be deemed to be severed from the remainder of the Agreement, and all other provisions of this Agreement shall in every other respect continue in full force and effect.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed on the date set forth below:

Hugo Rodríguez          Red Coat Farm, Ltd.

_[signature]_

                By: _____

Dated: March \_\_\_\_\_, 2018        Its: _____

                Dated: March \_\_\_\_\_, 2018


Mary A. Goldman


_____

Dated: March \_\_\_\_\_, 2018

4

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and among, Esteban Lopez, (hereafter "Employee", "Plaintiff" or "Lopez"), and Red Coat Farm, Ltd., an Illinois corporation, and Mary A. Goldman, (hereafter "Employer" or Defendants"), collectively "the Parties",

**WHEREAS**, Plaintiff has filed a lawsuit entitled <u>Hugo Rodriguez, et al. v. Red Coat Farm, Ltd., et al</u>. Case No. 17-cv-03322, currently pending in the United States District Court for the Northern District of Illinois, (hereafter "the Litigation");

**WHEREAS**, in order to avoid the costs, delays and frustrations of litigation, the Parties have agreed to fully and finally settle, compromise and resolve all issues between them including, but not limited to, all issues arising out of or in connection with the Litigation;

**NOW, THEREFORE**, in consideration of the foregoing and for other valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1. **Payment Terms**. Defendants agree to pay Employee a total amount of $6,580.00 (Six Thousand Five-Hundred Eighty and 00/100 Dollars) as full and final settlement ("Settlement Amount"); provided, however, that any and all payments due hereunder are conditional upon court approval of this settlement. Payment shall be made by delivering checks as set forth below to Plaintiff's counsel, Billhorn Law Firm, 53 West Jackson Blvd., Suite 840, Chicago, Illinois, as follows:

    a. **Payments to Plaintiff's Counsel**: Within three (3) business days following the court's approval of a motion to approve settlement in this matter, Defendants shall deliver checks to Plaintiff's counsel as and for attorneys' fees and costs as follow:

    | | |
    |---|---|
    | Billhorn Law Firm | $2,416.00 |
    | Farmworkers & Landscapers Advocacy Project | $1,164.00 |

    Defendants shall issue a Form 1099 to the Billhorn Law Firm and to the Farmworkers & Landscapers Advocacy Project for the above-listed amounts for calendar year 2018.

    b. **Payments to Employees**: Thirty (30) days following the payment due date in section 1. a. above, Employer shall deliver checks to Plaintiff's counsel as and for settlement payment to Employee. Two checks shall be issued to Employee; the first check shall be allocated for tax purposes to be "back pay", and the second check shall be allocated as non-wage "liquidated" damages:

    **Back Pay** – One check shall be issued to the Employee for the gross amount listed below, less deductions for appropriate withholding and taxes:

1

    Esteban Lopez        $1,500.00

Employer shall issue a Form W-2 or 1099 to Employee for the above-listed back pay amount for calendar year 2018.

**Non-Wage Damages** – One check shall be issued to the Employee in the gross amount listed below for liquidated damages:

    Esteban Lopez        $1,500.00

Employer shall issue a Form 1099 to Employee for the above-listed non-wage, liquidated damages amount for calendar year 2018.

Employee shall furnish Employer with a completed Form W-4 and/or Form W-9, and Plaintiff acknowledges and agrees that he bears responsibility for his portion of any tax liability in connection with the settlement payments set forth herein.

2. **General Release, Dismissal of Litigation and Covenant Not To Sue**. In consideration of and subject to receipt of the payments as required by this Agreement, and for other undertakings provided for in this Agreement, Plaintiff does hereby absolutely, unconditionally and irrevocably, forever waive, release and discharge Defendants, including any of their owners, directors, officers, shareholders, insurers, agents, subsidiaries, affiliates, and employees, and their heirs, agents, executors, legatees, and representatives, of and from any and all liability, claims, actions, causes of action, suits, debts, obligations, covenants, warranties, undertakings, promises, agreements, representations, demands, attorney's fees, costs and expenses, of any kind, nature or description whatsoever, whether in law or in equity, known or unknown, liquidated or unliquidated, which Plaintiff ever had, may have had, now has, or may ever have in the future, for, based upon, arising from or out of, any event, fact, transaction, occurrence, matter, cause or thing whatsoever occurring prior to the date of this Agreement, including, but not limited to:

- any and all claims asserted in the Litigation; and/or

- any and all claims asserting Defendants have violated any contract, agreement, personnel policy, handbooks or any covenant of good faith and fair dealing, or any express or implied contract of employment; and/or

- any and all claims asserting Defendants are in any way obligated for any reason to pay Employee damages, expenses, litigation costs including attorneys' fees, wages, bonuses, compensation, overtime, benefits, expense reimbursement, vacation pay and sick pay, compensatory damages, punitive damages, liquidated damages and/or interest including, but not limited to any claims under the federal

2

> Fair Labor Standards Act, the Illinois Minimum Wage Law, or under any other federal, state or local statute, ordinance, law, regulation or order; and/or

- any and all claims arising under any and all other federal, state, municipal or local statutes, laws, constitutions, ordinances, executive orders and/or regulations.

Furthermore, Employee covenants and agrees not to commence, file or prosecute any claim, action, suit, charge, demand or proceeding regarding the claims and matters settled and released herein and that this Agreement is and shall be a bar to any such claim, action, suit, demand or proceeding; provided, however, any Party hereto may commence or initiate an action or proceedings to enforce this Agreement, and the prevailing Party in any such action or proceeding shall recover from the non-prevailing Party its, her or his reasonable attorney's fees, costs and expenses incurred in such action or proceeding.

3. **Confidentiality.** The Parties agree that upon any inquiries, to inform the inquirers that the Litigation and all disputes by and among the Parties have been settled and compromised to the mutual satisfaction of the Parties. It is further understood and agreed that, except as required by law, the Parties shall keep strictly and entirely confidential and not disclose, directly or indirectly, any of the terms or conditions of this Agreement, any related negotiations, or the amount or nature of any consideration paid (either specifically or as a range), except as necessary to accountants, tax preparers, and attorneys, and in the case of Defendant corporation, its officers, directors, and shareholders.

4. **Non-admission.** This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as an admission by Defendants of any liability or wrongdoing to Plaintiff or employee, breach of any agreement, or violation of any statute, law or regulation.

5. **Complete Agreement**. This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior oral communications are superseded by this Agreement. The Parties understand and agree that all of the terms and promises of this Agreement are contractual, material and not a mere recital.

6. **Amendment.** This Agreement may be amended, modified or changed only by a written document signed by all Parties.

7. **Miscellaneous.**

    a. All Parties have cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any Party.

    b. Each Party acknowledges that it, she or he has been represented by and consulted with counsel, or has had the opportunity to do so, in connection herewith and that it, she or he has read, understands and intends to be bound by this Agreement and all terms and conditions contained herein.

3

  c. This Agreement is and shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, parents and affiliates.

  d. The person executing this Agreement on behalf of Employer and Defendant corporation represents and warrants that he or she has expressly received all necessary power and authority to do so.

  e. This Agreement shall be governed by the laws of the State of Illinois.

  f. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of any other Party and all of which taken together shall constitute one and the same Agreement.

  g. The Parties agree that if any part of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or incapable of being enforced in whole or in part by reason of any rule of law or public policy, such part shall be deemed to be severed from the remainder of the Agreement, and all other provisions of this Agreement shall in every other respect continue in full force and effect.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed on the date set forth below:

Esteban Lopez

_____

Dated: March _____, 2018

Red Coat Farm, Ltd.

By: _____

Its: _president_____

Dated: March 27, 2018

Mary A. Goldman

_____

Dated: March 27, 2018

4

       c.      This Agreement is and shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, parents and affiliates.

       d.      The person executing this Agreement on behalf of Employer and Defendant corporation represents and warrants that he or she has expressly received all necessary power and authority to do so.

       e.      This Agreement shall be governed by the laws of the State of Illinois.

       f.      This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of any other Party and all of which taken together shall constitute one and the same Agreement.

       g.      The Parties agree that if any part of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or incapable of being enforced in whole or in part by reason of any rule of law or public policy, such part shall be deemed to be severed from the remainder of the Agreement, and all other provisions of this Agreement shall in every other respect continue in full force and effect.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed on the date set forth below:

| Esteban Lopez | Red Coat Farm, Ltd. |
|---|---|
| */s/ Esteban Lopez* | By: _____ |
| Dated: March ____, 2018 | Its: _____ |
| | Dated: March ____, 2018 |
| | |
| | Mary A. Goldman |
| | |
| | _____ |
| | Dated: March ____, 2018 |

4

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and among, Ricardo Martinez, (hereafter "Employee", "Plaintiff" or "Martinez"), and Red Coat Farm, Ltd., an Illinois corporation, and Mary A. Goldman, (hereafter "Employer" or Defendants"), collectively "the Parties",

**WHEREAS**, Plaintiff has filed a lawsuit entitled <u>Hugo Rodriguez, et al. v. Red Coat Farm, Ltd., et al</u>. Case No. 17-cv-03322, currently pending in the United States District Court for the Northern District of Illinois, (hereafter "the Litigation");

**WHEREAS**, in order to avoid the costs, delays and frustrations of litigation, the Parties have agreed to fully and finally settle, compromise and resolve all issues between them including, but not limited to, all issues arising out of or in connection with the Litigation;

**NOW, THEREFORE**, in consideration of the foregoing and for other valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1. **Payment Terms**. Defendants agree to pay Employee a total amount of $5,701.00 (Five Thousand Seven-Hundred One and 00/100 Dollars) as full and final settlement ("Settlement Amount"); provided, however, that any and all payments due hereunder are conditional upon court approval of this settlement. Payment shall be made by delivering checks as set forth below to Plaintiff's counsel, Billhorn Law Firm, 53 West Jackson Blvd., Suite 840, Chicago, Illinois, as follows:

    a. **Payments to Plaintiff's Counsel**: Within three (3) business days following the court's approval of a motion to approve settlement in this matter, Defendants shall deliver checks to Plaintiff's counsel as and for attorneys' fees and costs as follow:

    | | |
    |---|---|
    | Billhorn Law Firm | $2,092.53 |
    | Farmworkers & Landscapers Advocacy Project | $1,008.47 |

    Defendants shall issue a Form 1099 to the Billhorn Law Firm and to the Farmworkers & Landscapers Advocacy Project for the above-listed amounts for calendar year 2018.

    b. **Payments to Employees**: Thirty (30) days following the payment due date in section 1. a. above, Employer shall deliver checks to Plaintiff's counsel as and for settlement payment to Employee. Two checks shall be issued to Employee; the first check shall be allocated for tax purposes to be "back pay", and the second check shall be allocated as non-wage "liquidated" damages:

    **Back Pay** – One check shall be issued to the Employee for the gross amount listed below, less deductions for appropriate withholding and taxes:

1

Ricardo Martinez $1,300.00

Employer shall issue a Form W-2 or 1099 to Employee for the above-listed back pay amount for calendar year 2018.

**Non-Wage Damages** – One check shall be issued to the Employee in the gross amount listed below for liquidated damages:

Ricardo Martinez $1,300.00

Employer shall issue a Form 1099 to Employee for the above-listed non-wage, liquidated damages amount for calendar year 2018.

Employee shall furnish Employer with a completed Form W-4 and/or Form W-9, and Plaintiff acknowledges and agrees that he bears responsibility for his portion of any tax liability in connection with the settlement payments set forth herein.

2. **General Release, Dismissal of Litigation and Covenant Not To Sue**. In consideration of and subject to receipt of the payments as required by this Agreement, and for other undertakings provided for in this Agreement, Plaintiff does hereby absolutely, unconditionally and irrevocably, forever waive, release and discharge Defendants, including any of their owners, directors, officers, shareholders, insurers, agents, subsidiaries, affiliates, and employees, and their heirs, agents, executors, legatees, and representatives, of and from any and all liability, claims, actions, causes of action, suits, debts, obligations, covenants, warranties, undertakings, promises, agreements, representations, demands, attorney's fees, costs and expenses, of any kind, nature or description whatsoever, whether in law or in equity, known or unknown, liquidated or unliquidated, which Plaintiff ever had, may have had, now has, or may ever have in the future, for, based upon, arising from or out of, any event, fact, transaction, occurrence, matter, cause or thing whatsoever occurring prior to the date of this Agreement, including, but not limited to:

- any and all claims asserted in the Litigation; and/or

- any and all claims asserting Defendants have violated any contract, agreement, personnel policy, handbooks or any covenant of good faith and fair dealing, or any express or implied contract of employment; and/or

- any and all claims asserting Defendants are in any way obligated for any reason to pay Employee damages, expenses, litigation costs including attorneys' fees, wages, bonuses, compensation, overtime, benefits, expense reimbursement, vacation pay and sick pay, compensatory damages, punitive damages, liquidated damages and/or interest including, but not limited to any claims under the federal

Fair Labor Standards Act, the Illinois Minimum Wage Law, or under any other federal, state or local statute, ordinance, law, regulation or order; and/or

- any and all claims arising under any and all other federal, state, municipal or local statutes, laws, constitutions, ordinances, executive orders and/or regulations.

Furthermore, Employee covenants and agrees not to commence, file or prosecute any claim, action, suit, charge, demand or proceeding regarding the claims and matters settled and released herein and that this Agreement is and shall be a bar to any such claim, action, suit, demand or proceeding; provided, however, any Party hereto may commence or initiate an action or proceedings to enforce this Agreement, and the prevailing Party in any such action or proceeding shall recover from the non-prevailing Party its, her or his reasonable attorney's fees, costs and expenses incurred in such action or proceeding.

3. **Confidentiality.** The Parties agree that upon any inquiries, to inform the inquirers that the Litigation and all disputes by and among the Parties have been settled and compromised to the mutual satisfaction of the Parties. It is further understood and agreed that, except as required by law, the Parties shall keep strictly and entirely confidential and not disclose, directly or indirectly, any of the terms or conditions of this Agreement, any related negotiations, or the amount or nature of any consideration paid (either specifically or as a range), except as necessary to accountants, tax preparers, and attorneys, and in the case of Defendant corporation, its officers, directors, and shareholders.

4. **Non-admission.** This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as an admission by Defendants of any liability or wrongdoing to Plaintiff or employee, breach of any agreement, or violation of any statute, law or regulation.

5. **Complete Agreement**. This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior oral communications are superseded by this Agreement. The Parties understand and agree that all of the terms and promises of this Agreement are contractual, material and not a mere recital.

6. **Amendment.** This Agreement may be amended, modified or changed only by a written document signed by all Parties.

7. **Miscellaneous.**

    a. All Parties have cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any Party.

    b. Each Party acknowledges that it, she or he has been represented by and consulted with counsel, or has had the opportunity to do so, in connection herewith and that it, she or he has read, understands and intends to be bound by this Agreement and all terms and conditions contained herein.

3

  c. This Agreement is and shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, parents and affiliates.

  d. The person executing this Agreement on behalf of Employer and Defendant corporation represents and warrants that he or she has expressly received all necessary power and authority to do so.

  e. This Agreement shall be governed by the laws of the State of Illinois.

  f. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of any other Party and all of which taken together shall constitute one and the same Agreement.

  g. The Parties agree that if any part of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or incapable of being enforced in whole or in part by reason of any rule of law or public policy, such part shall be deemed to be severed from the remainder of the Agreement, and all other provisions of this Agreement shall in every other respect continue in full force and effect.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed on the date set forth below:

Ricardo Martinez          Red Coat Farm, Ltd.

                  By: _[signature]_

_____  Its: _president_

Dated: March _____, 2018      Dated: March _27_, 2018

                  Mary A. Goldman

                  _[signature]_

                  Dated: March _27_, 2018

4

Case: 1:17-cv-03322 Document #: 24-1 Filed: 03/30/18 Page 16 of 16 PageID #:72
03/26/2018 12:24  8475460419        MONEYTRANSFEREXPRESS         PAGE 04

3123477604                                    03:34:04 p.m.  03-22-2018      4/12

c. This Agreement is and shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, parents and affiliates.

d. The person executing this Agreement on behalf of Employer and Defendant corporation represents and warrants that he or she has expressly received all necessary power and authority to do so.

e. This Agreement shall be governed by the laws of the State of Illinois.

f. This Agreement may be executed in one or more counterparts, any one of which need not contain the signature of any other Party and all of which taken together shall constitute one and the same Agreement.

g. The Parties agree that if any part of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or incapable of being enforced in whole or in part by reason of any rule of law or public policy, such part shall be deemed to be severed from the remainder of the Agreement, and all other provisions of this Agreement shall in every other respect continue in full force and effect.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed on the date set forth below:

Ricardo Martinez                                Red Coat Farm, Ltd.

*/s/ Ricardo Martinez*

Dated: March _____, 2018                        By: _____

                                                Its: _____

                                                Dated: March _____, 2018

                                                Mary A. Goldman


                                                _____

                                                Dated: March _____, 2018

4